Clerk of Circuit Court's of Orange County                                                                 Page 1 of 1

Case Management Inquiry Docket Report Generated on Wed Mar 20 2019 09:18:56 GMT-0400 (Eastern Daylight Time)

[Print] [Close]

Case Information

**Case Number:** 2019 10325 CIDL

**Case Style:** HEATHER BUDD V. TARGET CORPORATION, ET AL

**Div:** 01 - Randell H. Rowe III, **Status:** OPEN

**Case Type:** CIRCUIT CIVIL

**Category:** OTHER CIVIL - CIRCUIT

**Security:** PUBLIC

| Date | Doc. # | Docket Type | Description | View |
|------|--------|-------------|-------------|------|
| 03/15/2019 | 14 | NOTICE OF APPEARANCE | Brian Melendez obo Target Corp and TD Bank USA NA | 📄 |
| 03/15/2019 | 13 | RETURNED SUMMONS SERVED | Target Corp | 📄 |
| 02/21/2019 | 12 | TWENTY DAY SUMMONS | To TARGET CORPORATION fwd to pltf's atty via e-service for SOP | 📄 |
| 02/21/2019 | 11 | TWENTY DAY SUMMONS | To TD BANK, USA, N.A. fwd to pltf's atty via e-service for SOP | 📄 |
| 02/20/2019 | 10 | REQUEST SUMMONS | to Target Corporation | 📄 |
| 02/20/2019 | 9 | REQUEST SUMMONS | to TD Bank, USA, N.A. | 📄 |
| 02/20/2019 | 8 | REQUEST FOR ADMISSIONS | to Target Corporation, by Heather Budd | 📄 |
| 02/20/2019 | 7 | REQUEST FOR ADMISSIONS | to TD Bank, USA, N.A., by Heather Budd | 📄 |
| 02/20/2019 | 6 | REQUEST TO PRODUCE | to TD Bank, USA, N.A., by Heather Budd | 📄 |
| 02/20/2019 | 5 | REQUEST TO PRODUCE | to Target Corporation, by Heather Budd | 📄 |
| 02/20/2019 | 4 | DESIGNATION OR NOTICE OF EMAIL ADDRESS | by Jon P. Dubbeld | 📄 |
| 02/20/2019 | 3 | COMPLAINT | | 📄 |
| 02/20/2019 | 1 | CIVIL COVER SHEET | | 📄 |



EXHIBIT
*A*

Filing # 85213911 E-Filed 02/20/2019 12:10:15 PM

**IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT**
**IN AND FOR VOLUSIA COUNTY, FLORIDA**
**CIVIL DIVISION**

HEATHER BUDD,

       Plaintiff,                  Case No.

vs.

TARGET CORPORATION &
TD BANK, USA, N.A.,
foreign entities,

       Defendants.

_____/

I.    TYPE OF CASE (If the case fits more than one type of case, select the most definitive category). If the most descriptive label is a subcategory (is indented under a broader category), place an x in <u>both</u> the <u>main</u> category and subcategory boxes.

| | |
|---|---|
| [] Condominium | [] Professional malpractice |
| [] Contracts and indebtedness |    [] Malpractice—business |
| [] Eminent domain |    [] Malpractice—medical |
| [] Auto Negligence |    [] Malpractice—other professional |
| [] Negligence—other | [X] Other – Wrongful Act |
|    [] Business governance |    [] Antitrust/Trade regulation |
|    [] Business Torts |    [] Business transactions |
|    [] Environmental/Toxic Tort |    [] Constitutional challenge—statute or |
|    [] Third Party indemnification |       ordinance |
|    [] Construction defect |    [] Constitutional challenge—proposed |
|    [] Mass Tort |       amendment |
|    [] Negligent security |    [] Corporate trusts |
|    [] Nursing home negligence |    [] Discrimination |
|    [] Premises liability—commercial |    [] Insurance claims |
|    [] Premises liability—residential |    [] Intellectual property |
| [] Products liability |    [] Libel/ Slander |
| [] Real property/Mortgage foreclosure |    [] Shareholder derivative action |
|    [] Commercial foreclosure |    [] Securities litigation |
|    [] Residential foreclosure |    [] Trade secrets |
|    [] Other real property actions | [X] Wrongful debt collection |

II.    REMEDIES SOUGHT (check all that apply)
    [X] monetary;
    []non-monetary declaratory or injunctive relief;
    [X] punitive

III.    NUMBER OF CAUSES OF ACTION: [ 3 ]

1

<u>Unlawful Debt Collection: Florida Statutes, Section 559, *et seq.*, Telephone Consumer Protection Act, 47 USC 227, *et seq.*, and Violation of § 652B of the Restatement (Second) of Torts</u>

IV.   IS THIS CASE A CLASS ACTION LAWSUIT?
    []   yes
    [X]  no

V.   HAS A NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
    [X]  no
    []   yes  If "yes," list all related cases by name, case number, and court.

VI.   IS JURY TRIAL DEMANDED IN COMPLAINT?
    [X]  yes
    []   no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

DATE: February 20, 2019

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD, P.A.**

*/s/ Jon P. Dubbeld*
**Jon P. Dubbeld, Esq., FBN 105869**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Aaron M. Swift, Esq., FBN 0093088**
Swift, Isringhaus & Dubbeld, P.A.
10460 Roosevelt Blvd. N.
Suite 313
St. Petersburg, FL 33716
Phone: (727) 755-3676
Fax: (727) 255-5332
jdubbeld@swift-law.com
aswift@swift-law.com
jisringhaus@swift-law.com
*Attorneys for Plaintiff*

2



**LAURA E. ROTH**
CLERK OF THE CIRCUIT COURT

SEVENTH JUDICIAL CIRCUIT - VOLUSIA COUNTY
P.O. BOX 6043 DELAND, FLORIDA 32721-6043 - WWW.CLERK.ORG

Filing #:85213911
Filer:Jon P Dubbeld
Payment:$420.00

1 Filing Fee: $400.00
2 Summons Issuance: $20.00
3 Complaints/Petitions Civil Cover Sheet: $0.00
4 Miscellaneous Other Document: $0.00
5 Complaints/Petitions Complaint: $0.00
6 Complaints/Petitions Request that Summons be Issued: $0.00
7 Complaints/Petitions Request that Summons be Issued: $0.00
8 Letters/Memoranda/Requests Request: $0.00
9 Letters/Memoranda/Requests Request: $0.00
10 Letters/Memoranda/Requests Request: $0.00
11 Letters/Memoranda/Requests Request: $0.00

*This document is a Clerk generated receipt.  This page was not included in the original court document submitted by the filer.*

Filing # 85213911 E-Filed 02/20/2019 12:10:15 PM

## IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
## IN AND FOR VOLUSIA COUNTY, FLORIDA
## CIVIL DIVISION

HEATHER BUDD,
an individual,

        Plaintiff,

v.

                                                 Case No.:

TARGET CORPORATION &
TD BANK, USA, N.A.,
foreign entities,

        Defendants.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, HEATHER BUDD (hereinafter, "Plaintiff"), by and through undersigned counsel, and hereby sues Defendants, TARGET CORPORATION (hereinafter, "TARGET") and TD BANK, USA, N.A. (hereinafter, "TD BANK") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff alleges:

### PRELIMINARY STATEMENT

1.    This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, "FCCPA"), the Telephone Consumer Protection Act, 47 United States Code, Section 227 *et seq.* (hereinafter, "TCPA"), and Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts, wherein Defendants unlawfully attempt to collect consumer debt from Plaintiff via harassing and unlawful means, including unlawful calls to Plaintiff's cellular telephone using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice, despite lacking Plaintiff's consent to make such calls to her cellular telephone.

### JURISDICTION, PARTIES, AND VENUE

2019 10325 CIDL

2.     This is an action for damages that exceeds $15,000.00, exclusive of attorneys' fees and costs.

3.     Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Section 559.77 and 47 United States Code, Section 227(b)(3).

4.      At all material times herein, the conduct of Defendants, complained of below, occurs in Volusia County, Florida.

5.     At all material times herein, Defendants are foreign entities that do business in Volusia County, Florida.

6.     Plaintiff is the subscriber, regular user, and carrier of the cellular telephone number, (386-XXX-0199) (hereinafter, "Plaintiff's Cellular Telephone" or "Cellular Telephone") and was the called party and recipient of Defendants' auto-dialed calls, as referenced below.

## FCCPA STATUTORY STRUCTURE

7.     The FCCPA is a state consumer protection statute, modeled after the federal FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. Fla. Stat. §§ 559.55 and 559.77(5).

8.     The FCCPA imposes liability on any creditor/person as well as any debt collector who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts. Fla. Stat. § 559.55(5).

2

9.     Specifically, the FCCPA prohibits unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*." Fla. Stat. § 559.55(2) (emphasis added).

10.    For example, the FCCPA prohibits a person from collecting consumer debt by communicating with the consumer in a manner that can be expected to harass or abuse the consumer debtor. *See* Fla. Stat. § 559.72(7).

**TCPA STATUTORY STRUCTURE**

11.    Congress enacted the TCPA in effort to restrict pervasive use of telemarketing and increasing use of cost-effective telemarketing techniques. Pub L. 102-243, § 2, Dec. 20, 1991, 105 Sta. 2394 (1) and (8).

12.    Congress found that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy…" and it intended to prevent automated or pre-recorded telephone calls as "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Id. at (5) and (12).

13.    Under the TCPA, any person who initiates calls to any number assigned to a cellular telephone service using any automated telephone dialing system or artificial or prerecorded voice without the recipient's prior express consent is liable to the recipient for actual monetary loss, or up to $500.00 in damages for each violation of the TCPA, whichever is greater.  47 U.S.C. § 227(b)(3)(B).

14.    Additionally, under the TCPA, the court may increase the damage award up to three (3) times, up to $1,500.00, for each willful or knowing violation of the TCPA.  *Id.* at § 227(b)(3)(C).

## GENERAL ALLEGATIONS

15.     At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

16.     At all material times herein, Defendants are each a "creditor" as defined by Florida Statutes, Section 559.55(5).

17.     At all material times herein, Defendants attempt to collect a consumer debt, including but not limited to, a personal credit card balance allegedly owed by Plaintiff. (hereinafter, the "Debt").

18.     At all material times herein, TARGET services its consumer credit cards on behalf of TD BANK.

19.     At all material times herein, TARGET places collection calls on behalf of TD BANK, and TD BANK authorizes and possesses actual knowledge of the same.

20.     At all material times herein, the Debt is a consumer debt, an obligation resulting from transactions for goods or services incurred primarily for personal, household, or family use.

21.     At all material times herein, Defendants are a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

22.     At all material times herein, Defendants' conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

23.     At all material times herein, Defendants acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

4

24.     Plaintiff retained undersigned counsel for purposes of this matter, and Plaintiff is obligated to pay her attorneys a reasonable fee and reimburse her attorneys for reasonable costs expended in this action.

25.     All necessary conditions precedent to the filing of this action occurred or Defendants waived the same.

## FACTUAL ALLEGATIONS

26.     Plaintiff obtained a personal credit card from TARGET, underwritten by TD BANK.

27.     In or around January, 2018, Plaintiff became delinquent on the Debt due to financial hardship.

28.     Shortly thereafter, TARGET began bombarding Plaintiff's Cellular Telephone with a campaign of repeated collection telephone calls.

29.     In January 2018, Plaintiff advised TARGET that she was past-due on the Debt because of financial hardship and promised to make payment as soon as possible.  At this time, Plaintiff also specifically requested that TARGET stop calling her Cellular Telephone.

30.     Notwithstanding Plaintiff's requests, TARGET continued to place automated calls to Plaintiff's Cellular Telephone in attempts to collect the Debt.

31.     When Plaintiff answered TARGET's calls to her Cellular Telephone, Plaintiff would have to say "hello" multiple times before being connected with a TARGET representative.

32.     Such a pause after answering is a tell-tale indication of TARGET's use of an automatic telephone dialing system or predictive telephone dialing system.

33.     TARGET—or their authorized vendor or third-party agent acting within a scope of authority granted by TARGET, with the knowledge TARGET, and under the control of the

TARGET—used an automated telephone dialing system or predictive telephone dialing system to place calls to Plaintiff's Cellular Telephone.

34.     TARGET placed artificial voice calls to Plaintiff's Cellular Telephone from January 2018 to the present.

35.     TARGET placed pre-recorded voice calls to Plaintiff's Cellular Telephone from January 2018 to the present.

36.     TARGET placed calls to Plaintiff's Cellular Telephone using an automatic telephone dialing system, as that term is defined by the TCPA, from January 2018 to the present.

37.     On multiple occasions throughout 2018, Plaintiff again advised TARGET that she was experiencing financial hardship, intended on making her payment as soon as possible, and explicitly requested that TARGET stop calling her Cellular Telephone.

38.     Despite Plaintiff's requests that TARGET cease calls to Plaintiff's Cellular Telephone, TARGET continued to place calls to Plaintiff's Cellular Telephone in an attempt to collect the Debt.

39.     Plaintiff repeatedly requested TARGET to stop calling her Cellular Telephone and explained why she was past due.

40.     Despite Plaintiff informing TARGET for the reason of her delinquency, TARGET continued its efforts to collect the Debt from Plaintiff.

41.     As a result, TARGET's subsequent, repeated attempts to induce payment were made with the intent to exhaust Plaintiff's will and harass Plaintiff.

42.     TARGET's collection telephone calls continued after Plaintiff explicitly advised TARGET not to call her Cellular Telephone on several occasions.

43.     Despite Plaintiff's advisement, the majority of TARGET's collection calls occurred after Plaintiff explicitly advised TARGET not to call her Cellular Telephone.

44.     TARGET's conduct caused Plaintiff to suffer injuries in fact through significant anxiety, emotional distress, frustration, and anger.

45.     TARGET's collection calls interrupted Plaintiff while she was at work and at home.

46.     Florida Statutes, Section 559.77, provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

47.     United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call placed using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

48.     Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call placed using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICES –**
**VIOLATION OF FLORDA STATUTES, SECTIONS 559.72(7)**

Plaintiff re-alleges paragraphs one (1) through forty-eight (48) as if fully restated herein and further states as follows:

49.     Defendants are subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting the consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

50.    Specifically, as noted above, although Plaintiff repeatedly explicitly revoked consent, requested/demanded that the direct collection communication cease, and explained why she was delinquent, TARGET nevertheless continued to call Plaintiff's Cellular Telephone it its attempts to collect the Debt.

51.    TARGET placed the above-referenced harassing collection calls to Plaintiff on behalf of TD BANK.

52.    As a direct and proximate result of Defendants' actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

### COUNT TWO:
### TELEPHONE CONSUMER PROTECTION ACT-
### VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through forty-eight (48) as if fully restated herein and further states as follows:

53.    Defendants are subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

54.    TARGET used an automatic telephone dialing system or an artificial or pre-recorded voice to unlawfully call Plaintiff's Cellular Telephone in its attempts to collect the Debt.

55.    TARGET placed the above-referenced calls to Plaintiff on behalf of TD BANK, which underwrites the consumer credit card creating the Debt.

56.    If Defendants contend they possessed prior express consent, Plaintiff revoked such consent in or about January 2018 and several additional times thereafter.

57.    Defendants' telephone calls complained of herein are the result of repeated willful

and knowing violations of the TCPA.

58.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered:

a.     The periodic loss of her cell phone service;

b.     Lost material costs associated with the use of cell phone minutes allotted under her cell phone service contract;

c.     The expenditure of costs and attorney's fees associated with the prosecution of this matter;

d.     Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

e.     Statutory damages.

## COUNT THREE:
## INVASION OF PRIVACY-INTRUSION UPON SECLUSION

59.     Plaintiff re-alleges paragraphs one (1) through forty-eight (48) as if fully restated herein and further states as follows:

60.     Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "one who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another." *See Purrelli v. State Farm Fire and Cas. Co.*, 698 So. 2d 618, 620 (Fla. 2d DCA 1997).

61.     Defendants violated Plaintiff's privacy.

62.     Defendants' violations include, but are not limited to, the following:

a.     TARGET intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by intentionally placing voluminous annoying, hounding, and harassing telephone calls to Plaintiff in an attempt to collect on an alleged debt despite Plaintiff's numerous requests for the calls to cease.

9

b.      TARGET intentionally, and not accidently, generated a high frequency of telephone calls to Plaintiff after Plaintiff's multiple requests for the telephone calls to cease.

c.      TARGET placed the telephone calls on behalf of TD BANK; thus, TD BANK indirectly intruded upon Plaintiff's solitude and seclusion by directing its agent, TARGET, to engage in such conduct.

63.     Defendants' conduct is unreasonable and highly offensive to a reasonable person as Defendants' frequent telephone calls often interrupted Plaintiff's work and sleep schedule.

64.     Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the Debt.

65.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated harassing and hounding telephone call campaign, which continued even after Plaintiff requested that the calls cease.

66.     As a result of Defendants' violations of Plaintiff's privacy, Defendants are liable to Plaintiff for actual damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a.      Judgment against Defendants declaring that Defendants violated the FCCPA;

b.      Judgment against Defendants for maximum statutory damages for violations of the FCCPA;

c.      Judgment against Defendants for maximum statutory damages for violations of the TCPA;

d.      Judgment against Defendants declaring that Defendants invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion;

e.      Actual damages;

f.      An award of attorneys' fees and costs; and

g.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD, P.A.**

*/s/ Jon P. Dubbeld*
**Jon P. Dubbeld, Esq., FBN 105869**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Aaron M. Swift, Esq., FBN 0093088**
Swift, Isringhaus & Dubbeld, P.A.
10460 Roosevelt Blvd. N.
Suite 313
St. Petersburg, FL 33716
Phone: (727) 755-3676
Fax: (727) 255-5332
jdubbeld@swift-law.com
aswift@swift-law.com
jisringhaus@swift-law.com
*Attorneys for Plaintiff*

Filing # 85213911 E-Filed 02/20/2019 12:10:15 PM

**IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT**
**IN AND FOR VOLUSIA COUNTY, FLORIDA**
**CIVIL DIVISION**

HEATHER BUDD,

                Plaintiff,                            Case No.

vs.

TARGET CORPORATION &
TD BANK, USA, N.A.,
foreign entities,

                Defendants.

_____/

**DESIGNATION OF E-MAIL ADDRESSES**

**COME NOW**, Plaintiff, HEATHER BUDD, by and through the undersigned counsel pursuant

to the Florida Supreme Court's Order No. SC 10-2101 and Florida Rule of Judicial

Administration 2.516, and hereby designates Plaintiff's counsel's primary and secondary

electronic mail addresses for this matter.

**For Jon P. Dubbeld**
Primary: jdubbeld@swift-law.com

**For Jordan T. Isringhaus**
Primary: jisringhaus@swift-law.com

**For Aaron M. Swift**
Primary: aswift@swift-law.com

                                      Respectfully submitted,

                                      **SWIFT, ISRINGHAUS & DUBBELD, P.A.**

                                      */s/ Jon P. Dubbeld*_____

1

2019 10325 CIDL

**Jon P. Dubbeld, Esq., FBN 105869**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Aaron M. Swift, Esq., FBN 0093088**
Swift, Isringhaus & Dubbeld, P.A.
10460 Roosevelt Blvd. N.
Suite 313
St. Petersburg, FL 33716
Phone: (727) 490-9919
Fax: (727) 255-5332
jdubbeld@swift-law.com
aswift@swift-law.com
jisringhaus@swift-law.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I delivered a copy of the foregoing to a certified process server

for service with the initial pleadings in this matter to:


TARGET CORPORATION
C/O CT CORPORATION SYSTEM
1200 S. PINE ISLAND ROAD
PLANTATION, FL 33324


TD BANK, USA, N.A.
ATTN: LEGAL DEPARTMENT
1701 MARLTON PIKE EAST
CHERRY HILL, NJ 08034


/s/ *Jon P. Dubbeld*
Attorney

2

Filing # 85213911 E-Filed 02/20/2019 12:10:15 PM

**IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA
CIVIL DIVISION**

HEATHER BUDD,

              Plaintiff,                          Case No.

vs.

TARGET CORPORATION &
TD BANK, USA, N.A.,
foreign entities,

              Defendants.

_____/

**PLAINTIFF'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS DIRECTED
TO TARGET CORPORATION**

Pursuant to Rule 1.350, Florida Rules of Civil Procedure, Plaintiff, HEATHER BUDD,

(hereinafter, "Plaintiff") by and through the undersigned counsel, hereby requests that Defendant,

TARGET CORPORATION (hereinafter, "Defendant"), produce, within forty-five (45) days, the

documents herein described and permit Plaintiff's attorneys to inspect them and copy such of them

as they may desire. Plaintiff requests that the documents be made available for this inspection at the

offices of counsel for Plaintiff, Jon P. Dubbeld, Esq., Aaron M. Swift, Esq., and Jordan T. Isringhaus,

Esq., 10460 Roosevelt Blvd., N, Suite 313, St. Petersburg, FL 33716, or at such office of the

Defendant's as may be the location of any of the documents requested, in normal business hours,

with the least possible disruption to the ordinary course of Defendant's duties and responsibilities.

Plaintiff further requests that this inspection be permitted by Plaintiff immediately after

Defendant's response to this request has been filed, and that Plaintiff's attorneys be permitted to

remove from Defendant's custody such of the documents as they desire to copy, on the understanding

that Plaintiff's attorneys will be responsible for these documents so long as they are

2019 10325 CIDL

in their possession, that copying will be done at Plaintiff's expense, and that the documents will be promptly returned immediately after completing all copying.

This request is intended to cover all documents in possession of the Defendant, or subject to its custody and control, regardless of location.

As used in this request, the term "document" means every writing or record of every type and description that is in the possession, control or custody of Defendant, including but without limitation to, correspondence; memoranda; stenographic or handwritten notes; studies; publications; books; pamphlets; pictures; films; voice recordings; electronic mail (i.e., e-mail); reports; surveys; minutes or statistical compilations; data processing cards or computer records; files; disks; or tapes or print-outs; agreements; communications; state and federal governmental hearings; and reports; correspondence; telegrams; memoranda; summaries or records of telephone conversations; summaries or records of personal conversations or interviews; diaries; graphs; reports; notebooks; note charts; plans; drawings; sketches; maps; summaries or records of meetings or conferences; summaries or reports of investigations or negotiations; opinions or reports of consultants; photographs; motion picture film; brochures; pamphlets; advertisements; circulars; press releases; drafts; letters; any marginal comments appearing on any document; and all other writings.

## INSTRUCTIONS

A.      If you interpose an objection to providing the requested information please set forth the following:

1.      The entire basis for your objection including reference to any statutory, administrative rule/regulation, case law or common law authority for such an objection.

2

2.      If your objection is based upon the work product doctrine, set forth the following information:

    a.      Whether or not the requested information exists and the general nature of such items (e.g., tape recording of Plaintiff, video);

    b.      Identify the individuals who have possession of the requested information; and

    c.      The date the requested information or items were created and the date same was obtained by you.

3.      Provide any and all information or items which fall within the scope of the request and against which no objection is asserted or applicable.

B.      If no date or time is specified for a request, assume it to be a period beginning two years prior to the date and time of the earliest incident alleged in the Complaint, running up through the date of the filing of the Complaint.

## DEFINITIONS

A.      The term "You" or "Defendant" shall mean TARGET CORPORATION, or any person acting on its behalf, including, but not limited to employees, agents, representatives, and Defendant's legal counsel.

B.      "Plaintiff" shall mean HEATHER BUDD.

C.      The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; the singular includes the plural and the plural includes the singular; and the word "including" shall be construed as broadly as possible.

3

D.      The term "relating to" or "concerning" means referring to, constituting, describing, summarizing, reflecting, involving, containing, embodying, or logically connecting to in any matter whatsoever.

E.      The term "identify" when referring to a document means to state the nature of the document (e.g., letter, handwritten notes, telegrams), its present custodian, date, author or originator, addressor, title publisher, number of pages and any other basis for identification.

F.      The term "identify" when referring to an oral communication, means state the date and place thereof, whether the communication was person-to-person, by telephone, etc., the name of all persons present and the substance of the oral communication.

G.      The term "identify" when referring a specified event or occurrence, means state the date (as further defined below) and, if applicable, the location of the occurrence and the person(s) or organization(s) giving directions or orders leading to the happening of said occurrence.

H.      The term "identify" with respect to an individual means to state the full name, present or last known residence address, current or previous employer, and current or previous title or employment position.

I.      "Document" as used herein shall include all items which may be considered to be a document or tangible thing under the Florida Rules of Civil Procedure and those defined as "writings and recordings" or as "photographs" in Chapter 90, Florida Statutes.  Without limiting the generality of the foregoing, "document" as used herein means the original, each non-identical (whether different from the original by means of notes made on such copy or otherwise) and—if the original is not in existence or subject to control of the Defendant—each copy, regardless of origin or location, of any handwritten, typewritten, printed, drawn, recorded, transcribed, punched, taped, photographed, "telexed," filmed, microfilmed, stored on a diskette, tape or hard-drive of a

4

computer or word processor, or otherwise prepared matter, however produced or reproduced, which is in the possession or custody of Defendant's present or previous counsel.  By way of illustration, the  aforesaid definition of documents or tangible things shall include, but not be limited to all invoices, solicitations, letters, electronic mail (i.e., e-mail), correspondence, telegrams, facsimiles, telexes, cables, memoranda, or minutes of meetings or conversations (personal or telephonic), reports, summaries, surveys, analyses, or informal books of record or account, bulletins, instructions, agreements, legal documents, notebooks, jottings and writings of every description, including drawings, graphs, charts, photographs, films, recordings, computer tapes and print-outs and other data or compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.

J.      "Communication" means all forms of contact, oral, electronic, non-verbal or written, formal or informal, direct or indirect, at any time or place, and under any circumstances, whereby information of any nature was recorded, transmitted, or transferred.

K.      The term "person" includes natural persons, groups of natural persons acting in a collegial capacity, proprietorships, partnerships, corporations, joint ventures, firms, associations any other business or social organizations or any governmental body or agency.

L.      "Complaint" shall mean or refer to the most recent Complaint that was filed in the above-styled manner.

M.      "Debt" shall mean or refer to "Debt" as defined in paragraph 17 of the Complaint.

N.       "FCCPA" is the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes.

O.      "TCPA" is the Telephone Consumer Protections Act, 47 United States Code, Section 227 *et seq.*

P.      "Plaintiff's Cellular Telephone" shall mean or refer to plaintiff's cellular telephone referenced by telephone number (386) 631-0199.

Q.      "Artificial or Pre-Recorded Voice" shall mean an automated or simulated voice or a voice recording that is not live at the time of its delivery.

R.      "Automatic Telephone Dialing System" or "ATDS" is defined in the TCPA at Section 227(a)(1) as equipment which has the capacity – "(1) to store or produce telephone numbers to be called, using a random and sequential number generator; and (2) to dial such numbers."

S.      "Predictive Telephone Dialing System" or "PTDS" shall mean hardware, which, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

## INSTRUCTIONS

A.      The applicable rules set forth in the Florida Rules of Civil Procedure are incorporated herein by reference.

## REQUESTS FOR PRODUCTION

1.      Recordings of any Artificial or Pre-Recorded Voice messages used to call the Plaintiff's cellular telephone.

2.      All documents showing the times and dates on which the Defendant contacted the Plaintiff concerning the Debt.

3.      All documents relating to Plaintiff or which are indexed, filed or retrievable under Plaintiff's name, telephone number, or any number, symbol, designation or code (such as an account number or Social Security number) assigned to Plaintiff.

4.      All documents transmitted to Plaintiff or received from Plaintiff.  Please include

the "form" for any letter or document which you sent but for which you do not have a precise copy.

5.      All contracts or manuals regarding the telephones and communications system(s) used by Defendant to make telephone calls to Plaintiff.

6.      All records—written, audible or otherwise—of outgoing calls made by Defendant to Plaintiff using either an ATDS, PTDS, or equipment with the capacity to dial telephone numbers without human intervention between January 2018 to present.

7.      All records—written, audible or otherwise—of outgoing calls made by Defendant to Plaintiff's Cellular Telephone between January 2018 to present.

8.      All documents, emails or items in your possession, that mention the following specific terms:

        a.      "Telephone Consumer Protection Act";

        b.      "TCPA";

        c.      "autodialer";

        d.      "auto" within 5 words of "dial"; and

        e.      "predictive dialer"

        f.      "dialer."

9.      All manuals, communications and other documents relating to telephone hardware, software and other telephone equipment Defendant used to call Plaintiff.

10.     All invoices for telephone equipment or software, including, but not limited to: ATDS, PTDS, and equipment with the capacity to dial telephone numbers without human intervention.

11.     All contracts, agreements, manuals, and communications with third parties concerning telephone and dialing telephone calls.

7

12.     All documents that discuss or relate to Defendant's policies or procedures associated with making telephone calls to customers' cellular telephones, including, but not limited to: use of an ATDS, PTDS, or equipment with the capacity to dial telephone numbers without human intervention.

13.     All manuals, memoranda, instructions and other documents which discuss, describe, or set forth standards, criteria, guidelines, policies or procedures relating to the TCPA as they relate to making telephone calls.

14.     All manuals, memoranda, emails, data, instructions, and other documents setting forth Defendant's policies, procedures or practices relating to the collection of debts by means of telephone calls, including, but not limited to: the use of ATDS, PTDS, or equipment with the capacity to dial telephone numbers without human intervention.

15.     All documents from any source that concern the legality or propriety of making telephone calls to customers' cellular telephones.

16.     All documents (irrespective of date) relating to any judicial or administrative proceeding or any other claim against Defendant in which Defendant was accused of violating the TCPA, any state statute regulating collection practices, or of committing a tort while engaging in collection activities, where the accusation concerns telephone calls to cellular telephones.

17.     All documents (irrespective of date) that discuss Defendant's compliance or lack of compliance with the FCCPA and the TCPA.

18.     All organizational charts for (1) the department(s) that called Plaintiff, and (2) the department(s) responsible for purchasing or maintaining the communications system(s) used to make such calls.

19.     All documents concerning or relating to any effort, ever, by Defendant to determine a process, policy or practice whereby it could determine whether a telephone number is or was a cellular telephone number.

20.     All documents concerning or relating to any effort, ever, by Defendant to determine a process, policy, or practice whereby Defendant could comply with the TCPA.

21.     All insurance policies that could possibly afford coverage with respect to the matters complained of in this Complaint together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

22.     All statistics, studies and reports, used by Defendant or in Defendant's control, concerning the use of telephony or the use of ATDS, PTDS, or equipment with the capacity to dial telephone numbers without human intervention.

23.     All documents relating to the maintenance by Defendant of policies, practices, or procedures adapted to avoid calling persons who did not expressly consent, or revoked consent, to be called on their cellular telephones.

24.     All documents setting forth Defendant's document destruction and retention policies or any changes made to the same since January, 2018.

25.     Your annual financial statements, annual reports, semiannual and quarterly financial statements, credit applications and tax returns for the last three years.

26.     All logs or other documents indicating Plaintiff's alleged express consent to receive automatically-dialed calls to his Cellular Telephone or to receive pre-recorded voicemails on his Cellular Telephones service.

27.     If Defendant contends Plaintiff consented to receive automatically dialed calls to his Cellular Telephone, then all documents evidencing that consent.

9

28.     If Defendant contends that Plaintiff furnished his Cellular Telephone number to Defendant, Defendant's predecessor, or the original creditor, then all documents evidencing such contention.

29.     All documents that Defendant reviewed or relied upon in answering the Requests for Admissions Plaintiff directed to Defendant.

30.     All documents which describe how Defendant determines if a phone number belongs to a cellular telephone.

31.     All documents relating to the Debt and Defendant's collection thereof.

32.     All training material, including, but not limited to: video; audio tapes; manuals; quizzes; tests; presentations; and manuals used by or for Defendant and its employees regarding the FCCPA and the TCPA.

33.     A list of all Defendant's phone numbers used by the Defendant in the collection of the Debt and the name of the Defendant's telecommunication service providers ("TSP"), its TSP account numbers, and its TSP contact information (i.e. name, address, and phone number).

34.     All operation manuals, training manuals or similar documents, etc., utilized by the Defendant directly related to the collection of debts in Florida.

35.     All documents relating to the development and maintenance of procedures by the Defendant to avoid violations of the FCCPA, and the TCPA.

36.     All training material, including video and audio tapes, used by or for Defendant and its employees regarding the FCCPA and the TCPA.

37.     Any document(s) or writing(s) relating to Defendant's policies and procedures for removing a consumer's or borrower's cellular telephone number from its automatic telephone dialing system (e.g., when a number should be removed; how it is removed, etc.).

10

38.     Any document(s) or writing(s) evidencing Defendant's "prior express consent" to contact Plaintiff on his Cellular Telephone using an automatic dialing system or pre-recorded voice.

39.     If Defendant fails to admit any of Plaintiff's First Request for Admissions, served simultaneously with this Request for Production, then please provide all documents which support Defendant's position and failure to admit the same.

40.     All documents that support in any way whatsoever any of Defendant's affirmative defenses asserted in this lawsuit.

41.     All documents Defendant plans to introduce into evidence at trial.

42.     All documents Defendant plans to use for demonstrative purposes at trial.

43.     All documents Defendant plans to use for impeachment purposes at trial.

44.     All documents Defendant plans to use for rebuttal purposes at trial.

This Request shall be deemed continuing so as to require further and supplemental production if Defendant obtain additional documents required to be produced herein between the time of the initial production and the time of trial.

Date: February 20, 2019

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD, P.A.**

*/s/ Jon P. Dubbeld*
**Jon P. Dubbeld, Esq., FBN 105869**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Aaron M. Swift, Esq., FBN 0093088**
Swift, Isringhaus & Dubbeld, P.A.
10460 Roosevelt Blvd. N.
Suite 313
St. Petersburg, FL 33716
Phone: (727) 488-4999
Fax: (727) 255-5332
jdubbeld@swift-law.com

11

aswift@swift-law.com
jisringhaus@swift-law.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I delivered a copy of the foregoing *Plaintiffs' First Request for Production Directed to Defendant, Target Corporation,* to a certified process server for service with the initial pleadings in this matter to:

TARGET CORPORATION
C/O CT CORPORATION SYSTEM
1200 S. PINE ISLAND ROAD
PLANTATION, FL 33324

/s/ *Jon P. Dubbeld*
Attorney

Filing # 85213911 E-Filed 02/20/2019 12:10:15 PM

**IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT**
**IN AND FOR VOLUSIA COUNTY, FLORIDA**
**CIVIL DIVISION**

HEATHER BUDD,

        Plaintiff,                     Case No.

vs.

TARGET CORPORATION &
TD BANK, USA, N.A.,
foreign entities,

        Defendants.

_____/

**PLAINTIFF'S FIRST REQUEST**
**FOR PRODUCTION OF DOCUMENTS DIRECTED**
**TO TD BANK, USA, N.A.**

Pursuant to Rule 1.350, Florida Rules of Civil Procedure, Plaintiff, HEATHER BUDD,

(hereinafter, "Plaintiff") by and through the undersigned counsel, hereby requests that Defendant,

TD BANK, USA, N.A. (hereinafter, "Defendant"), produce, within forty-five (45) days, the

documents herein described and permit Plaintiff's attorneys to inspect them and copy such of them

as they may desire. Plaintiff requests that the documents be made available for this inspection at the

offices of counsel for Plaintiff, Jon P. Dubbeld, Esq., Aaron M. Swift, Esq., and Jordan T. Isringhaus,

Esq., 10460 Roosevelt Blvd., N, Suite 313, St. Petersburg, FL 33716, or at such office of the

Defendant's as may be the location of any of the documents requested, in normal business hours,

with the least possible disruption to the ordinary course of Defendant's duties and responsibilities.

Plaintiff further requests that this inspection be permitted by Plaintiff immediately after

Defendant's response to this request has been filed, and that Plaintiff's attorneys be permitted to

remove from Defendant's custody such of the documents as they desire to copy, on the understanding

that Plaintiff's attorneys will be responsible for these documents so long as they are

1

in their possession, that copying will be done at Plaintiff's expense, and that the documents will be promptly returned immediately after completing all copying.

This request is intended to cover all documents in possession of the Defendant, or subject to its custody and control, regardless of location.

As used in this request, the term "document" means every writing or record of every type and description that is in the possession, control or custody of Defendant, including but without limitation to, correspondence; memoranda; stenographic or handwritten notes; studies; publications; books; pamphlets; pictures; films; voice recordings; electronic mail (i.e., e-mail); reports; surveys; minutes or statistical compilations; data processing cards or computer records; files; disks; or tapes or print-outs; agreements; communications; state and federal governmental hearings; and reports; correspondence; telegrams; memoranda; summaries or records of telephone conversations; summaries or records of personal conversations or interviews; diaries; graphs; reports; notebooks; note charts; plans; drawings; sketches; maps; summaries or records of meetings or conferences; summaries or reports of investigations or negotiations; opinions or reports of consultants; photographs; motion picture film; brochures; pamphlets; advertisements; circulars; press releases; drafts; letters; any marginal comments appearing on any document; and all other writings.

## **INSTRUCTIONS**

A.    If you interpose an objection to providing the requested information please set forth the following:

1.    The entire basis for your objection including reference to any statutory, administrative rule/regulation, case law or common law authority for such an objection.

2

2.      If your objection is based upon the work product doctrine, set forth the following information:

      a.      Whether or not the requested information exists and the general nature of such items (e.g., tape recording of Plaintiff, video);

      b.      Identify the individuals who have possession of the requested information; and

      c.      The date the requested information or items were created and the date same was obtained by you.

3.      Provide any and all information or items which fall within the scope of the request and against which no objection is asserted or applicable.

B.      If no date or time is specified for a request, assume it to be a period beginning two years prior to the date and time of the earliest incident alleged in the Complaint, running up through the date of the filing of the Complaint.

## DEFINITIONS

A.      The term "You" or "Defendant" shall mean TD BANK, USA, N.A., or any person acting on its behalf, including, but not limited to employees, agents, representatives, and Defendant's legal counsel.

B.      "Plaintiff" shall mean HEATHER BUDD.

C.      The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; the singular includes the plural and the plural includes the singular; and the word "including" shall be construed as broadly as possible.

D.      The term "relating to" or "concerning" means referring to, constituting, describing, summarizing, reflecting, involving, containing, embodying, or logically connecting to in any matter whatsoever.

E.      The term "identify" when referring to a document means to state the nature of the document (e.g., letter, handwritten notes, telegrams), its present custodian, date, author or originator, addressor, title publisher, number of pages and any other basis for identification.

F.      The term "identify" when referring to an oral communication, means state the date and place thereof, whether the communication was person-to-person, by telephone, etc., the name of all persons present and the substance of the oral communication.

G.      The term "identify" when referring a specified event or occurrence, means state the date (as further defined below) and, if applicable, the location of the occurrence and the person(s) or organization(s) giving directions or orders leading to the happening of said occurrence.

H.      The term "identify" with respect to an individual means to state the full name, present or last known residence address, current or previous employer, and current or previous title or employment position.

I.      "Document" as used herein shall include all items which may be considered to be a document or tangible thing under the Florida Rules of Civil Procedure and those defined as "writings and recordings" or as "photographs" in Chapter 90, Florida Statutes.  Without limiting the generality of the foregoing, "document" as used herein means the original, each non-identical (whether different from the original by means of notes made on such copy or otherwise) and—if the original is not in existence or subject to control of the Defendant—each copy, regardless of origin or location, of any handwritten, typewritten, printed, drawn, recorded, transcribed, punched, taped, photographed, "telexed," filmed, microfilmed, stored on a diskette, tape or hard-drive of a

4

computer or word processor, or otherwise prepared matter, however produced or reproduced, which is in the possession or custody of Defendant's present or previous counsel. By way of illustration, the aforesaid definition of documents or tangible things shall include, but not be limited to all invoices, solicitations, letters, electronic mail (i.e., e-mail), correspondence, telegrams, facsimiles, telexes, cables, memoranda, or minutes of meetings or conversations (personal or telephonic), reports, summaries, surveys, analyses, or informal books of record or account, bulletins, instructions, agreements, legal documents, notebooks, jottings and writings of every description, including drawings, graphs, charts, photographs, films, recordings, computer tapes and print-outs and other data or compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.

J.      "Communication" means all forms of contact, oral, electronic, non-verbal or written, formal or informal, direct or indirect, at any time or place, and under any circumstances, whereby information of any nature was recorded, transmitted, or transferred.

K.      The term "person" includes natural persons, groups of natural persons acting in a collegial capacity, proprietorships, partnerships, corporations, joint ventures, firms, associations any other business or social organizations or any governmental body or agency.

L.      "Complaint" shall mean or refer to the most recent Complaint that was filed in the above-styled manner.

M.      "Debt" shall mean or refer to "Debt" as defined in paragraph 17 of the Complaint.

N.      "FCCPA" is the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes.

O.      "TCPA" is the Telephone Consumer Protections Act, 47 United States Code, Section 227 *et seq.*

P.      "Plaintiff's Cellular Telephone" shall mean or refer to plaintiff's cellular telephone referenced by telephone number (386) 631-0199.

Q.      "Artificial or Pre-Recorded Voice" shall mean an automated or simulated voice or a voice recording that is not live at the time of its delivery.

R.      "Automatic Telephone Dialing System" or "ATDS" is defined in the TCPA at Section 227(a)(1) as equipment which has the capacity – "(1) to store or produce telephone numbers to be called, using a random and sequential number generator; and (2) to dial such numbers."

S.      "Predictive Telephone Dialing System" or "PTDS" shall mean hardware, which, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

## INSTRUCTIONS

A.      The applicable rules set forth in the Florida Rules of Civil Procedure are incorporated herein by reference.

## REQUESTS FOR PRODUCTION

1.      Recordings of any Artificial or Pre-Recorded Voice messages used to call the Plaintiff's cellular telephone.

2.      All documents showing the times and dates on which the Defendant contacted the Plaintiff concerning the Debt.

3.      All documents relating to Plaintiff or which are indexed, filed or retrievable under Plaintiff's name, telephone number, or any number, symbol, designation or code (such as an account number or Social Security number) assigned to Plaintiff.

4.      All documents transmitted to Plaintiff or received from Plaintiff.  Please include

the "form" for any letter or document which you sent but for which you do not have a precise copy.

5.     All contracts or manuals regarding the telephones and communications system(s) used by Defendant to make telephone calls to Plaintiff.

6.     All records—written, audible or otherwise—of outgoing calls made by Defendant to Plaintiff using either an ATDS, PTDS, or equipment with the capacity to dial telephone numbers without human intervention between January 2018 to present.

7.     All records—written, audible or otherwise—of outgoing calls made by Defendant to Plaintiff's Cellular Telephone between January 2018 to present.

8.     All documents, emails or items in your possession, that mention the following specific terms:

     a.     "Telephone Consumer Protection Act";

     b.     "TCPA";

     c.     "autodialer";

     d.     "auto" within 5 words of "dial"; and

     e.     "predictive dialer"

     f.     "dialer."

9.     All manuals, communications and other documents relating to telephone hardware, software and other telephone equipment Defendant used to call Plaintiff.

10.     All invoices for telephone equipment or software, including, but not limited to: ATDS, PTDS, and equipment with the capacity to dial telephone numbers without human intervention.

11.     All contracts, agreements, manuals, and communications with third parties concerning telephone and dialing telephone calls.

7

12.     All documents that discuss or relate to Defendant's policies or procedures associated with making telephone calls to customers' cellular telephones, including, but not limited to: use of an ATDS, PTDS, or equipment with the capacity to dial telephone numbers without human intervention.

13.     All manuals, memoranda, instructions and other documents which discuss, describe, or set forth standards, criteria, guidelines, policies or procedures relating to the TCPA as they relate to making telephone calls.

14.     All manuals, memoranda, emails, data, instructions, and other documents setting forth Defendant's policies, procedures or practices relating to the collection of debts by means of telephone calls, including, but not limited to: the use of ATDS, PTDS, or equipment with the capacity to dial telephone numbers without human intervention.

15.     All documents from any source that concern the legality or propriety of making telephone calls to customers' cellular telephones.

16.     All documents (irrespective of date) relating to any judicial or administrative proceeding or any other claim against Defendant in which Defendant was accused of violating the TCPA, any state statute regulating collection practices, or of committing a tort while engaging in collection activities, where the accusation concerns telephone calls to cellular telephones.

17.     All documents (irrespective of date) that discuss Defendant's compliance or lack of compliance with the FCCPA and the TCPA.

18.     All organizational charts for (1) the department(s) that called Plaintiff, and (2) the department(s) responsible for purchasing or maintaining the communications system(s) used to make such calls.

19.     All documents concerning or relating to any effort, ever, by Defendant to determine a process, policy or practice whereby it could determine whether a telephone number is or was a cellular telephone number.

20.     All documents concerning or relating to any effort, ever, by Defendant to determine a process, policy, or practice whereby Defendant could comply with the TCPA.

21.     All insurance policies that could possibly afford coverage with respect to the matters complained of in this Complaint together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

22.     All statistics, studies and reports, used by Defendant or in Defendant's control, concerning the use of telephony or the use of ATDS, PTDS, or equipment with the capacity to dial telephone numbers without human intervention.

23.     All documents relating to the maintenance by Defendant of policies, practices, or procedures adapted to avoid calling persons who did not expressly consent, or revoked consent, to be called on their cellular telephones.

24.     All documents setting forth Defendant's document destruction and retention policies or any changes made to the same since January, 2018.

25.     Your annual financial statements, annual reports, semiannual and quarterly financial statements, credit applications and tax returns for the last three years.

26.     All logs or other documents indicating Plaintiff's alleged express consent to receive automatically-dialed calls to his Cellular Telephone or to receive pre-recorded voicemails on his Cellular Telephones service.

27.     If Defendant contends Plaintiff consented to receive automatically dialed calls to his Cellular Telephone, then all documents evidencing that consent.

9

28.     If Defendant contends that Plaintiff furnished his Cellular Telephone number to Defendant, Defendant's predecessor, or the original creditor, then all documents evidencing such contention.

29.     All documents that Defendant reviewed or relied upon in answering the Requests for Admissions Plaintiff directed to Defendant.

30.     All documents which describe how Defendant determines if a phone number belongs to a cellular telephone.

31.     All documents relating to the Debt and Defendant's collection thereof.

32.     All training material, including, but not limited to: video; audio tapes; manuals; quizzes; tests; presentations; and manuals used by or for Defendant and its employees regarding the FCCPA and the TCPA.

33.     A list of all Defendant's phone numbers used by the Defendant in the collection of the Debt and the name of the Defendant's telecommunication service providers ("TSP"), its TSP account numbers, and its TSP contact information (i.e. name, address, and phone number).

34.     All operation manuals, training manuals or similar documents, etc., utilized by the Defendant directly related to the collection of debts in Florida.

35.     All documents relating to the development and maintenance of procedures by the Defendant to avoid violations of the FCCPA, and the TCPA.

36.     All training material, including video and audio tapes, used by or for Defendant and its employees regarding the FCCPA and the TCPA.

37.     Any document(s) or writing(s) relating to Defendant's policies and procedures for removing a consumer's or borrower's cellular telephone number from its automatic telephone dialing system (e.g., when a number should be removed; how it is removed, etc.).

38.     Any document(s) or writing(s) evidencing Defendant's "prior express consent" to contact Plaintiff on his Cellular Telephone using an automatic dialing system or pre-recorded voice.

39.     If Defendant fails to admit any of Plaintiff's First Request for Admissions, served simultaneously with this Request for Production, then please provide all documents which support Defendant's position and failure to admit the same.

40.     All documents that support in any way whatsoever any of Defendant's affirmative defenses asserted in this lawsuit.

41.     All documents Defendant plans to introduce into evidence at trial.

42.     All documents Defendant plans to use for demonstrative purposes at trial.

43.     All documents Defendant plans to use for impeachment purposes at trial.

44.     All documents Defendant plans to use for rebuttal purposes at trial.

This Request shall be deemed continuing so as to require further and supplemental production if Defendant obtain additional documents required to be produced herein between the time of the initial production and the time of trial.

Date: February 20, 2019

Respectfully submitted,

SWIFT, ISRINGHAUS & DUBBELD, P.A.

/s/ Jon P. Dubbeld_____
**Jon P. Dubbeld, Esq., FBN 105869**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Aaron M. Swift, Esq., FBN 0093088**
Swift, Isringhaus & Dubbeld, P.A.
10460 Roosevelt Blvd. N.
Suite 313
St. Petersburg, FL 33716
Phone: (727) 488-4999
Fax: (727) 255-5332
jdubbeld@swift-law.com

11

aswift@swift-law.com
jisringhaus@swift-law.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I delivered a copy of the foregoing *Plaintiffs' First Request for Production Directed to Defendant, TD Bank, USA, N.A.,* to a certified process server for service with the initial pleadings in this matter to:

TD BANK, USA, N.A.
ATTN: LEGAL DEPARTMENT
1701 MARLTON PIKE EAST
CHERRY HILL, NJ 08034

/s/ *Jon P. Dubbeld*
Attorney

12

Filing # 85213911 E-Filed 02/20/2019 12:10:15 PM

**IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT**
**IN AND FOR VOLUSIA COUNTY, FLORIDA**
**CIVIL DIVISION**

HEATHER BUDD,

               Plaintiff,                        Case No.

vs.

TARGET CORPORATION &
TD BANK, USA, N.A.,
foreign entities,

               Defendants.

_____/

**PLAINTIFF'S FIRST REQUEST**
**FOR ADMISSIONS DIRECTED TO TD BANK, USA, N.A.**

      Pursuant to Rule 1.370, Florida Rules of Civil Procedure, Plaintiff, HEATHER BUDD

(hereinafter, "Plaintiff") by and through the undersigned counsel, hereby requests that Defendant,

TD BANK, USA, N.A. (hereinafter, "Defendant"), admit or deny the following statements:

**DEFINITIONS**

      A.     The term "You" or "Defendant" shall mean TD BANK, USA, N.A., or any person

acting on its behalf, including, but not limited to employees, agents, representatives, and

Defendant's legal counsel.

      B.     "Plaintiff" shall mean HEATHER BUDD.

      C.     The terms "and" and "or" shall be construed conjunctively or disjunctively as

necessary to make the request inclusive rather than exclusive; the singular includes the plural and

the plural includes the singular; and the word "including" shall be construed as broadly as possible.

1

D.      The term "relating to" or "concerning" means referring to, constituting, describing, summarizing, reflecting, involving, containing, embodying, or logically connecting to in any matter whatsoever.

E.      The term "identify" when referring to a document means to state the nature of the document (e.g., letter, handwritten notes, telegrams), its present custodian, date, author or originator, addressor, title publisher, number of pages and any other basis for identification.

F.      The term "identify" when referring to an oral communication, means state the date and place thereof, whether the communication was person-to-person, by telephone, etc., the name of all persons present and the substance of the oral communication.

G.      The term "identify" when referring a specified event or occurrence, means state the date (as further defined below) and, if applicable, the location of the occurrence and the person(s) or organization(s) giving directions or orders leading to the happening of said occurrence.

H.      The term "identify" with respect to an individual means to state the full name, present or last known residence address, current or previous employer, and current or previous title or employment position.

I.      "Document" as used herein shall include all items which may be considered to be a document or tangible thing under the Florida Rules of Civil Procedure and those defined as "writings and recordings" or as "photographs" in Chapter 90, Florida Statutes.  Without limiting the generality of the foregoing, "document" as used herein means the original, each non-identical (whether different from the original by means of notes made on such copy or otherwise) and—if the original is not in existence or subject to control of the Defendant—each copy, regardless of origin or location, of any handwritten, typewritten, printed, drawn, recorded, transcribed, punched, taped, photographed, "telexed," filmed, microfilmed, stored on a diskette, tape or hard-drive of a

2

computer or word processor, or otherwise prepared matter, however produced or reproduced, which is in the possession or custody of Defendant's present or previous counsel.  By way of illustration, the  aforesaid definition of documents or tangible things shall include, but not be limited to all invoices, solicitations, letters, electronic mail (i.e., e-mail), correspondence, telegrams, facsimiles, telexes, cables, memoranda, or minutes of meetings or conversations (personal or telephonic), reports, summaries, surveys, analyses, or informal books of record or account, bulletins, instructions, agreements, legal documents, notebooks, jottings and writings of every description, including drawings, graphs, charts, photographs, films, recordings, computer tapes and print-outs and other data or compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.

J.      "Communication" means all forms of contact, oral, electronic, non-verbal or written, formal or informal, direct or indirect, at any time or place, and under any circumstances, whereby information of any nature was recorded, transmitted, or transferred.

K.      The term "person" includes natural persons, groups of natural persons acting in a collegial capacity, proprietorships, partnerships, corporations, joint ventures, firms, associations any other business or social organizations or any governmental body or agency.

L.      "Complaint" shall mean or refer to the most recent Complaint that was filed in the above-styled manner.

M.      "Debt" shall mean or refer to "Debt" as defined in paragraph 17 of the Complaint.

N.       "FCCPA" is the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes.

O.      "TCPA" is the Telephone Consumer Protections Act, 47 United States Code, Section 227 *et seq.*

P.      "Plaintiff's Cellular Telephone" shall mean or refer to plaintiff's cellular telephone referenced by telephone number (386) 631-0199.

Q.      "Artificial or Pre-Recorded Voice" shall mean an automated or simulated voice or a voice recording that is not live at the time of its delivery.

R.      "Automatic Telephone Dialing System" or "ATDS" is defined in the TCPA at Section 227(a)(1) as equipment which has the capacity – "(1) to store or produce telephone numbers to be called, using a random and sequential number generator; and (2) to dial such numbers."

S.      "Predictive Telephone Dialing System" or "PTDS" shall mean hardware, which, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

## INSTRUCTIONS

A.      The applicable rules set forth in the Florida Rules of Civil Procedure are incorporated herein by reference.

## REQUESTED ADMISSIONS

Please admit or deny the following:

1.      The Debt, which is the subject of the above-styled action, is a consumer debt as defined by the FCCPA.

2.      Plaintiff incurred the Debt for personal, family, or household use.

3.      Defendant does not possess any knowledge or facts that would support a denial of RFA #2, immediately above.

4

4.      Defendant's employees and representatives are not provided educational training in order to ensure compliance with the FCCPA and the TCPA on all collections handled by Defendant.

5.      Defendant's employees and representatives are not monitored by Defendant in order to ensure compliance with the FCCPA and the TCPA on all collections handled by Defendant.

6.      Defendant's employees and representatives are not tested by Defendant in order to ensure compliance with the FCCPA and the TCPA on all collections handled by Defendant.

7.      Defendant owned and used an automatic telephone dialing system or an artificial pre-recorded voice in its attempts to collect the Debt.

8.      Defendant owned and used an automatic telephone dialing system or an artificial or pre-recorded voice to call Plaintiff's cellular telephone.

9.      Defendant utilized a third-party vendor to make calls containing an Artificial or Pre-Recorded Voice to the Plaintiff's cellular telephone.

10.     Defendant had Plaintiff' Cellular Telephone noted as a cellular telephone number in its systems, including but not limited to, its automatic telephone dialing system.

11.     Defendant has no process in place to remove a cellular telephone number from its system in the event the consumer advises Defendant he or she revokes consent for calls to his or her cellular telephone number.

12.     Defendant used an Automatic Telephone Dialing System to call Plaintiff.

13.     Defendant used an Automatic Telephone Dialing System to call Plaintiff's cellular telephone.

14.     Defendant used a Predictive Telephone Dialing System to call Plaintiff.

5

15.     Defendant used a Predictive Telephone Dialing System to call Plaintiff's cellular telephones.

16.     Defendant used an Artificial or Pre-recorded Voice to call Plaintiff's cellular telephones.

17.     Defendant used equipment with the capacity to dial telephone numbers without human intervention to call Plaintiff.

18.     Defendant used equipment with the capacity to dial telephone numbers without human intervention to call Plaintiff's cellular telephone.

19.     To the extent that Defendant had equipment with the capacity to dial telephone numbers without human intervention, this equipment would, upon answer of the telephone call, connect that person to an employee of Defendant, if one was available.

20.     To the extent that Defendant had equipment with the capacity to dial telephone numbers without human intervention, this equipment would, upon answer of the telephone call by a natural person, connect that person to an employee of Defendant, if one was available.

21.     Defendant left Plaintiff voicemail messages with a pre-recorded voice.

22.     Plaintiff revoked any alleged prior express consent in January 2018.

23.     Defendant has telephone recordings between Plaintiff and itself.

24.     Defendant continued to call Plaintiff's Cellular Telephone after Plaintiff requested Defendant to stop calling.

Date: February 20, 2019

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD, P.A.**

*/s/ Jon P. Dubbeld*
**Jon P. Dubbeld, Esq., FBN 105869**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Aaron M. Swift, Esq., FBN 0093088**
Swift, Isringhaus & Dubbeld, P.A.
10460 Roosevelt Blvd. N.
Suite 313
St. Petersburg, FL 33716
Phone: (727) 490-9919
Fax: (727) 255-5332
jdubbeld@swift-law.com
aswift@swift-law.com
jisringhaus@swift-law.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I delivered a copy of the foregoing *Plaintiff' First Request for*

*Admissions Directed to Defendant, TD Bank, USA, N.A..*, to a certified process server for service

with the initial pleadings in this matter to:

TD BANK, USA, N.A.
ATTN: LEGAL DEPARTMENT
1701 MARLTON PIKE EAST
CHERRY HILL, NJ 08034

*/s/ Jon P. Dubbeld*
Attorney

7

Filing # 85213911 E-Filed 02/20/2019 12:10:15 PM

**IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA
CIVIL DIVISION**

HEATHER BUDD,

          Plaintiff,                          Case No.

vs.

TARGET CORPORATION &
TD BANK, USA, N.A.,
foreign entities,

          Defendants.

_____/

**PLAINTIFF'S FIRST REQUEST
FOR ADMISSIONS DIRECTED TO TARGET CORPORATION**

Pursuant to Rule 1.370, Florida Rules of Civil Procedure, Plaintiff, HEATHER BUDD

(hereinafter, "Plaintiff") by and through the undersigned counsel, hereby requests that Defendant,

TARGET CORPORATION (hereinafter, "Defendant"), admit or deny the following statements:

**DEFINITIONS**

A.      The term "You" or "Defendant" shall mean TARGET CORPORATION, or any

person acting on its behalf, including, but not limited to employees, agents, representatives, and

Defendant's legal counsel.

B.      "Plaintiff" shall mean HEATHER BUDD.

C.      The terms "and" and "or" shall be construed conjunctively or disjunctively as

necessary to make the request inclusive rather than exclusive; the singular includes the plural and

the plural includes the singular; and the word "including" shall be construed as broadly as possible.

1

D.      The term "relating to" or "concerning" means referring to, constituting, describing, summarizing, reflecting, involving, containing, embodying, or logically connecting to in any matter whatsoever.

E.      The term "identify" when referring to a document means to state the nature of the document (e.g., letter, handwritten notes, telegrams), its present custodian, date, author or originator, addressor, title publisher, number of pages and any other basis for identification.

F.      The term "identify" when referring to an oral communication, means state the date and place thereof, whether the communication was person-to-person, by telephone, etc., the name of all persons present and the substance of the oral communication.

G.      The term "identify" when referring a specified event or occurrence, means state the date (as further defined below) and, if applicable, the location of the occurrence and the person(s) or organization(s) giving directions or orders leading to the happening of said occurrence.

H.      The term "identify" with respect to an individual means to state the full name, present or last known residence address, current or previous employer, and current or previous title or employment position.

I.      "Document" as used herein shall include all items which may be considered to be a document or tangible thing under the Florida Rules of Civil Procedure and those defined as "writings and recordings" or as "photographs" in Chapter 90, Florida Statutes.  Without limiting the generality of the foregoing, "document" as used herein means the original, each non-identical (whether different from the original by means of notes made on such copy or otherwise) and—if the original is not in existence or subject to control of the Defendant—each copy, regardless of origin or location, of any handwritten, typewritten, printed, drawn, recorded, transcribed, punched, taped, photographed, "telexed," filmed, microfilmed, stored on a diskette, tape or hard-drive of a

2

computer or word processor, or otherwise prepared matter, however produced or reproduced, which is in the possession or custody of Defendant's present or previous counsel. By way of illustration, the  aforesaid definition of documents or tangible things shall include, but not be limited to all invoices, solicitations, letters, electronic mail (i.e., e-mail), correspondence, telegrams, facsimiles, telexes, cables, memoranda, or minutes of meetings or conversations (personal or telephonic), reports, summaries, surveys, analyses, or informal books of record or account, bulletins, instructions, agreements, legal documents, notebooks, jottings and writings of every description, including drawings, graphs, charts, photographs, films, recordings, computer tapes and print-outs and other data or compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.

J.      "Communication" means all forms of contact, oral, electronic, non-verbal or written, formal or informal, direct or indirect, at any time or place, and under any circumstances, whereby information of any nature was recorded, transmitted, or transferred.

K.      The term "person" includes natural persons, groups of natural persons acting in a collegial capacity, proprietorships, partnerships, corporations, joint ventures, firms, associations any other business or social organizations or any governmental body or agency.

L.      "Complaint" shall mean or refer to the most recent Complaint that was filed in the above-styled manner.

M.      "Debt" shall mean or refer to "Debt" as defined in paragraph 17 of the Complaint.

N.       "FCCPA" is the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes.

O.       "TCPA" is the Telephone Consumer Protections Act, 47 United States Code, Section 227 *et seq.*

3

P.      "Plaintiff's Cellular Telephone" shall mean or refer to plaintiff's cellular telephone referenced by telephone number (386) 631-0199.

Q.      "Artificial or Pre-Recorded Voice" shall mean an automated or simulated voice or a voice recording that is not live at the time of its delivery.

R.      "Automatic Telephone Dialing System" or "ATDS" is defined in the TCPA at Section 227(a)(1) as equipment which has the capacity – "(1) to store or produce telephone numbers to be called, using a random and sequential number generator; and (2) to dial such numbers."

S.      "Predictive Telephone Dialing System" or "PTDS" shall mean hardware, which, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

## INSTRUCTIONS

A.      The applicable rules set forth in the Florida Rules of Civil Procedure are incorporated herein by reference.

## REQUESTED ADMISSIONS

Please admit or deny the following:

1.      The Debt, which is the subject of the above-styled action, is a consumer debt as defined by the FCCPA.

2.      Plaintiff incurred the Debt for personal, family, or household use.

3.      Defendant does not possess any knowledge or facts that would support a denial of RFA #2, immediately above.

4.    Defendant's employees and representatives are not provided educational training in order to ensure compliance with the FCCPA and the TCPA on all collections handled by Defendant.

5.    Defendant's employees and representatives are not monitored by Defendant in order to ensure compliance with the FCCPA and the TCPA on all collections handled by Defendant.

6.    Defendant's employees and representatives are not tested by Defendant in order to ensure compliance with the FCCPA and the TCPA on all collections handled by Defendant.

7.    Defendant owned and used an automatic telephone dialing system or an artificial pre-recorded voice in its attempts to collect the Debt.

8.    Defendant owned and used an automatic telephone dialing system or an artificial or pre-recorded voice to call Plaintiff's cellular telephone.

9.    Defendant utilized a third-party vendor to make calls containing an Artificial or Pre-Recorded Voice to the Plaintiff's cellular telephone.

10.    Defendant had Plaintiff' Cellular Telephone noted as a cellular telephone number in its systems, including but not limited to, its automatic telephone dialing system.

11.    Defendant has no process in place to remove a cellular telephone number from its system in the event the consumer advises Defendant he or she revokes consent for calls to his or her cellular telephone number.

12.    Defendant used an Automatic Telephone Dialing System to call Plaintiff.

13.    Defendant used an Automatic Telephone Dialing System to call Plaintiff's cellular telephone.

14.    Defendant used a Predictive Telephone Dialing System to call Plaintiff.

5

15.     Defendant used a Predictive Telephone Dialing System to call Plaintiff's cellular telephones.

16.     Defendant used an Artificial or Pre-recorded Voice to call Plaintiff's cellular telephones.

17.     Defendant used equipment with the capacity to dial telephone numbers without human intervention to call Plaintiff.

18.     Defendant used equipment with the capacity to dial telephone numbers without human intervention to call Plaintiff's cellular telephone.

19.     To the extent that Defendant had equipment with the capacity to dial telephone numbers without human intervention, this equipment would, upon answer of the telephone call, connect that person to an employee of Defendant, if one was available.

20.     To the extent that Defendant had equipment with the capacity to dial telephone numbers without human intervention, this equipment would, upon answer of the telephone call by a natural person, connect that person to an employee of Defendant, if one was available.

21.     Defendant left Plaintiff voicemail messages with a pre-recorded voice.

22.     Plaintiff revoked any alleged prior express consent in January 2018.

23.     Defendant has telephone recordings between Plaintiff and itself.

24.     Defendant continued to call Plaintiff's Cellular Telephone after Plaintiff requested Defendant to stop calling.

Date: February 20, 2019

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD, P.A.**

*/s/ Jon P. Dubbeld*
**Jon P. Dubbeld, Esq., FBN 105869**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Aaron M. Swift, Esq., FBN 0093088**
Swift, Isringhaus & Dubbeld, P.A.
10460 Roosevelt Blvd. N.
Suite 313
St. Petersburg, FL 33716
Phone: (727) 490-9919
Fax: (727) 255-5332
jdubbeld@swift-law.com
aswift@swift-law.com
jisringhaus@swift-law.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I delivered a copy of the foregoing *Plaintiff' First Request for Admissions Directed to Defendant, Target Corporation.,* to a certified process server for service with the initial pleadings in this matter to:

TARGET CORPORATION
C/O CT CORPORATION SYSTEM
1200 S. PINE ISLAND ROAD
PLANTATION, FL 33324

*/s/ Jon P. Dubbeld*
Attorney

7

Filing # 85213911 E-Filed 02/20/2019 12:10:15 PM

## IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
## IN AND FOR VOLUSIA COUNTY, FLORIDA
## CIVIL DIVISION

HEATHER BUDD,

        Plaintiff,                                  Case No.

vs.

TARGET CORPORATION &
TD BANK, USA, N.A.,
foreign entities,

        Defendants.

_____/

### SUMMONS

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:

      YOU ARE COMMANDED to serve this Summons and a copy of the Complaint and attachments in this lawsuit upon the below-named Defendant:

                         TD BANK, USA, N.A.
              ATTN: LEGAL DEPARTMENT
             1701 MARLTON PIKE EAST
              CHERRY HILL, NJ 08034

      A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court located at:

              251 N. Ridgewood Avenue, Daytona Beach, FL 32114

      A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case.

      **If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court.** There are other legal requirements; therefore you may want to call an attorney right away. If you

1

2019 10325 CIDL

do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself , at the same time you file your written response to the Court you must also mail or hand deliver a carbon copy or photocopy of your written response to the "Plaintiff/ Plaintiff's Attorney" named below.

**SWIFT, ISRINGHAUS & DUBBELD, P.A.**
**Aaron M. Swift, Esq.**
**Jordan T. Isringhaus, Esq.**
**Jon P. Dubbeld, Esq.**
10460 Roosevelt Blvd. N., Ste. 313
St. Petersburg, FL 33716

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en:

251 N. Ridgewood Avenue, Daytona Beach, FL 32114

Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:

**SWIFT, ISRINGHAUS & DUBBELD, P.A.**
**Aaron M. Swift, Esq.**
**Jordan T. Isringhaus, Esq.**
**Jon P. Dubbeld, Esq.**
10460 Roosevelt Blvd. N., Ste. 313

2

St. Petersburg, FL 33716

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud.**

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a:

251 N. Ridgewood Avenue, Daytona Beach, FL 32114

Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation.

**SWIFT, ISRINGHAUS & DUBBELD, P.A.**
**Aaron M. Swift, Esq.**
**Jordan T. Isringhaus, Esq.**
**Jon P. Dubbeld, Esq.**
10460 Roosevelt Blvd. N., Ste. 313
St. Petersburg, FL 33716

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande.**

DATED on _____

Clerk of Circuit Court

By: _____
Deputy Clerk

3

Filing # 85213911 E-Filed 02/20/2019 12:10:15 PM

**IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA
CIVIL DIVISION**

HEATHER BUDD,

              Plaintiff,                            Case No.

vs.

TARGET CORPORATION &
TD BANK, USA, N.A.,
foreign entities,

              Defendants.

_____/

**SUMMONS**

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:

       YOU ARE COMMANDED to serve this Summons and a copy of the Complaint and attachments in this lawsuit upon the below-named Defendant:

TARGET CORPORATION
C/O CT CORPORATION SYSTEM
1200 S. PINE ISLAND ROAD
PLANTATION, FL 33324

       A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court located at:

251 N. Ridgewood Avenue, Daytona Beach, FL 32114

       A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case.

       **If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court.** There are other legal requirements; therefore you may want to call an attorney right away. If you

1

2019 10325 CIDL

do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself , at the same time you file your written response to the Court you must also mail or hand deliver a carbon copy or photocopy of your written response to the "Plaintiff/ Plaintiff's Attorney" named below.

**SWIFT, ISRINGHAUS & DUBBELD, P.A.**
**Aaron M. Swift, Esq.**
**Jordan T. Isringhaus, Esq.**
**Jon P. Dubbeld, Esq.**
10460 Roosevelt Blvd. N., Ste. 313
St. Petersburg, FL 33716

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en:

251 N. Ridgewood Avenue, Daytona Beach, FL 32114

Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:

**SWIFT, ISRINGHAUS & DUBBELD, P.A.**
**Aaron M. Swift, Esq.**
**Jordan T. Isringhaus, Esq.**
**Jon P. Dubbeld, Esq.**
10460 Roosevelt Blvd. N., Ste. 313

St. Petersburg, FL 33716

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud.**

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a:

251 N. Ridgewood Avenue, Daytona Beach, FL 32114

Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation.

**SWIFT, ISRINGHAUS & DUBBELD, P.A.**
**Aaron M. Swift, Esq.**
**Jordan T. Isringhaus, Esq.**
**Jon P. Dubbeld, Esq.**
10460 Roosevelt Blvd. N., Ste. 313
St. Petersburg, FL 33716

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande.**

DATED on _____

Clerk of Circuit Court

By: _____
Deputy Clerk

3

IN THE CIRCUIT/COUNTY COURT IN AND FOR VOLUSIA COUNTY, FLORIDA

Judge   : Randell H. Rowe, III - Div. 01
Case No : 2019 10325 CIDL

HEATHER BUDD, AN INDIVIDUAL            -vs-       TARGET CORPORATION & TD BANK, USA,
                                                  N.A., FOREIGN ENTITIES
Plaintiff(s),                                          Defendant(s).

SUMMONS

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in the above styled cause upon the defendant(s):

TD BANK, USA, N.A.
ATTN: LEGAL DEPARTMENT
1701 MARLTON PIKE EAST
CHERRY HILL, NJ 08034

Each defendant is hereby required to serve written defenses to said complaint or petition on plaintiff or plaintiff's attorney, whose name and address is

JON DUBBELD
SWIFT ISRINGHAUS DUBBELD PA
10460 ROOSEVELT BLVD N STE. 31
ST PETERSBURG, FL 33719

within 20 days after service of this summons upon that defendant exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED : February 21, 2019

LAURA E. ROTH
CLERK OF CIRCUIT/COUNTY COURT
2/21/2019 11:26:33 AM 2019 10325 CIDL
2/21/2019 11:26:33 AM 2019 10325 CIDL

fwd to pltf's atty via e-service for SOP

By : Kaitli Bursary Deputy Clerk
e-Signed 2/21/2019 11:26:33 AM 2019 10325 CIDL

CL-0224-1612                    (See reverse side for additional information.)

## ADDRESS OF THE CLERK OF THE CIRCUIT COURT

LAURA E. ROTH
CLERK OF THE COURT
P.O. BOX 6043
DELAND, FL 32721-6043

If English is not your native language and you need assistance understanding the court's proceedings, you will need to bring someone to interpret for you as this service is not provided by the court.

Si el inglés no es su lengua materna y va a necesitar ayuda para entender el proceso judicial, tendrá que traer a alguien para que le interprete ya que el tribunal no ofrece este servicio.

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

If you are a person with a disability who needs an accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, 125 E. Orange Ave., Ste. 300, Daytona Beach, FL 32114, (386) 257-6096, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the appearance is less than 7 days; if you are hearing impaired or voice impaired, call 711.

## THESE ARE NOT COURT INFORMATION NUMBERS

## SOLICITUD DE ADAPTACIONES PARA PERSONAS CON DISCAPACIDADES

Si usted es una persona con discapacidad que necesita una adaptación para poder participar en este procedimiento, usted tiene el derecho a que se le proporcione cierta asistencia, sin incurrir en gastos.  Comuníquese con la Oficina de Administración Judicial (Court Administration), 125 E. Orange Ave., Ste. 300, Daytona Beach, FL 32114, (386) 257-6096, con no menos de 7 días de antelación de su cita de comparecencia ante el juez, o de inmediato al recibir esta notificación si la cita de comparecencia está dentro de un plazo menos de 7 días; si usted tiene una discapacidad del habla o del oído, llame al 711.

## ESTOS NUMEROS TELEFONICOS NO SON PARA OBTENER INFORMACION JUDICIAL

CL-0224-1612

**IN THE CIRCUIT/COUNTY COURT IN AND FOR VOLUSIA COUNTY, FLORIDA**

> **Judge** : Randell H. Rowe, III - Div. 01
> **Case No** : 2019 10325 CIDL

HEATHER BUDD, AN INDIVIDUAL     -vs-     TARGET CORPORATION & TD BANK, USA,
                                           N.A., FOREIGN ENTITIES

       **Plaintiff(s),**                                                 **Defendant(s).**

<u>**SUMMONS**</u>

**THE STATE OF FLORIDA:**
**TO EACH SHERIFF OF THE STATE:**

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in the above styled cause upon the defendant(s):

> TARGET CORPORATION
> C/O CT CORPORATION SYSTEM
> 1200 S. PINE ISLAND ROAD
> PLANTATION, FL 33324

Each defendant is hereby required to serve written defenses to said complaint or petition on plaintiff or plaintiff's attorney, whose name and address is

> JON DUBBELD
> SWIFT ISRINGHAUS DUBBELD PA
> 10460 ROOSEVELT BLVD N STE. 31
> ST PETERSBURG, FL 33719

within 20 days after service of this summons upon that defendant exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

**DATED : February 21, 2019**

                                       **LAURA E. ROTH**
                                       **CLERK OF CIRCUIT/COUNTY COURT**
                                       2/21/2019 11:26:33 AM 2019 10325 CIDL
                                       2/21/2019 11:26:33 AM 2019 10325 CIDL
                                       2/21/2019 11:26:33 AM 2019 10325 CIDL

fwd to pltf's atty via e-service for SOP

                                       **By : Keith Buratay, Deputy Clerk**
                                       e-Signed 2/21/2019 11:26:33 AM 2019 10325 CIDL

CL-0224-1612                                  (See reverse side for additional information.)

## ADDRESS OF THE CLERK OF THE CIRCUIT COURT

LAURA E. ROTH
CLERK OF THE COURT
P.O. BOX 6043
DELAND, FL 32721-6043

If English is not your native language and you need assistance understanding the court's proceedings, you will need to bring someone to interpret for you as this service is not provided by the court.

Si el inglés no es su lengua materna y va a necesitar ayuda para entender el proceso judicial, tendrá que traer a alguien para que le interprete ya que el tribunal no ofrece este servicio.

### REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

**If you are a person with a disability who needs an accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, 125 E. Orange Ave., Ste. 300, Daytona Beach, FL 32114, (386) 257-6096, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the appearance is less than 7 days; if you are hearing impaired or voice impaired, call 711.**

**THESE ARE NOT COURT INFORMATION NUMBERS**

### SOLICITUD DE ADAPTACIONES PARA PERSONAS CON DISCAPACIDADES

**Si usted es una persona con discapacidad que necesita una adaptación para poder participar en este procedimiento, usted tiene el derecho a que se le proporcione cierta asistencia, sin incurrir en gastos. Comuníquese con la Oficina de Administración Judicial (Court Administration), 125 E. Orange Ave., Ste. 300, Daytona Beach, FL 32114, (386) 257-6096, con no menos de 7 días de antelación de su cita de comparecencia ante el juez, o de inmediato al recibir esta notificación si la cita de comparecencia está dentro de un plazo menos de 7 días; si usted tiene una discapacidad del habla o del oído, llame al 711.**

**ESTOS NUMEROS TELEFONICOS NO SON PARA OBTENER INFORMACION JUDICIAL**

CL-0224-1612

Filing # 86487103 E-Filed 03/15/2019 04:47:46 PM

## IN THE CIRCUIT/COUNTY COURT IN AND FOR VOLUSIA COUNTY, FLORIDA

**HEATHER BUDD AN INDIVIDUAL**

Plaintiff,

vs.

**Case No.: 2019 10325 CIDL**

**TARGET CORPORATION & TD BANK,
USA, N.A., FOREIGN ENTITIES**

Defendant.

_____/



**VERIFIED RETURN OF SERVICE**



*931691*

Pursuant to the request of **LEGAL TRANSPORTERS**, received this process on **03/06/2019** at **5:24 PM** to be served upon:

**TARGET CORPORATION C/O CT CORPORATION SYSTEM**

STATE OF FLORIDA
COUNTY OF BROWARD     ss.

I, **HENRI WERNER**, depose and say that:
On 03/07/2019 at 10:35 AM, I served the within **SUMMONS / CIVIL COVER SHEET / OTHER DOCUMENT / REQUESTS / COMPLAINT** on **TARGET CORPORATION C/O CT CORPORATION SYSTEM** at **1200 S. PINE ISLAND ROAD , PLANTATION, FL 33324** in the manner indicated below:

**CORPORATE SERVICE:** By delivering a true copy of this process to **DONNA MOCH, SR CORPORATE OPERATIONS MANAGER FOR REGISTERED AGENT** of the above named corporation and informing him/her of the contents.

**AUTHORIZED LEGAL AGENT, STATED HE/SHE IS AUTHORIZED TO ACCEPT SERVICE ON BEHALF OF DEFENDANT.**

I certify that I am over the age of 18, I am not a party to this action and have no interest in the process being served, and I am a Certified Process Server or Special Process Server in good standing in the judicial circuit/county in which the process was served or am otherwise duly authorized to have served process in the jurisdiction where process was served.

Under penalty of perjury I declare that I have read the foregoing Verified Return of Service and that the facts stated in it are true.

X _____
**HENRI WERNER** - Cert/Appt#: 847
Notary Not Required Pursuant To F.S. 92.525.
JOSE H. MEJIA PI, INC; 161 BENTLEY DRIVE; MIAMI, FL33166; 305-871-6477

# RUSH

## IN THE CIRCUIT/COUNTY COURT IN AND FOR VOLUSIA COUNTY, FLORIDA

Judge : Randell H. Rowe, III - Div. 01
Case No : 2019 10325 CIDL

HEATHER BUDD, AN INDIVIDUAL     -vs-     TARGET CORPORATION & TD BANK, USA,
N.A., FOREIGN ENTITIES

**Plaintiff(s),**        **Defendant(s),**

### SUMMONS

#### THE STATE OF FLORIDA:
#### TO EACH SHERIFF OF THE STATE:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in the above styled cause upon the defendant(s):

    TARGET CORPORATION
    C/O CT CORPORATION SYSTEM
    1200 S. PINE ISLAND ROAD
    PLANTATION, FL 33324

Each defendant is hereby required to serve written defenses to said complaint or petition on plaintiff or plaintiff's attorney, whose name and address is

    JON DUBBELD
    SWIFT ISRINGHAUS DUBBELD PA
    10460 ROOSEVELT BLVD N STE. 31
    ST PETERSBURG, FL 33719

within 20 days after service of this summons upon that defendant exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

**DATED : February 21, 2019**

LAURA E. ROTH
CLERK OF CIRCUIT/COUNTY COURT

2/21/2019 11:26:33 AM 2019 10325 CIDL
2/21/2019 11:26:33 AM 2019 10325 CIDL

fwd to pltf's atty via e-service for SOP

**By : Kerri Buraway, Deputy Clerk**
e-Signed 2/21/2019 11:26:33 AM 2019 10325 CIDL

CL-0224-1612            (See reverse side for additional information.)



RUSH

## ADDRESS OF THE CLERK OF THE CIRCUIT COURT

LAURA E. ROTH
CLERK OF THE COURT
P.O. BOX 6043
DELAND, FL 32721-6043

If English is not your native language and you need assistance understanding the court's proceedings, you will need to bring someone to interpret for you as this service is not provided by the court.

Si el inglés no es su lengua materna y va a necesitar ayuda para entender el proceso judicial, tendrá que traer a alguien para que le interprete ya que el tribunal no ofrece este servicio.

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

**If you are a person with a disability who needs an accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, 125 E. Orange Ave., Ste. 300, Daytona Beach, FL 32114, (386) 257-6096, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the appearance is less than 7 days; if you are hearing impaired or voice impaired, call 711.**

## THESE ARE NOT COURT INFORMATION NUMBERS

## SOLICITUD DE ADAPTACIONES PARA PERSONAS CON DISCAPACIDADES

**Si usted es una persona con discapacidad que necesita una adaptación para poder participar en este procedimiento, usted tiene el derecho a que se le proporcione cierta asistencia, sin incurrir en gastos. Comuníquese con la Oficina de Administración Judicial (Court Administration), 125 E. Orange Ave., Ste. 300, Daytona Beach, FL 32114, (386) 257-6096, con no menos de 7 días de antelación de su cita de comparecencia ante el juez, o de inmediato al recibir esta notificación si la cita de comparecencia está dentro de un plazo menos de 7 días; si usted tiene una discapacidad del habla o del oído, llame al 711.**

## ESTOS NUMEROS TELEFONICOS NO SON PARA OBTENER INFORMACION JUDICIAL

CL-0224-1612

Filing # 86488487 E-Filed 03/15/2019 05:00:59 PM

STATE OF FLORIDA
SEVENTH JUDICIAL CIRCUIT
CIRCUIT COURT COURT
VOLUSIA COUNTY

------------------------------------------------------------------------------------------------

Heather Budd,                                                    Case No. 2019 10325 CIDL

                                Plaintiff,

             v.

Target Corporation and TD Bank USA,
N.A.,

                                Defendants.

---

### NOTICE OF APPEARANCE

---

Please take notice that Brian Melendez of Barnes & Thornburg LLP represent

Defendants Target Corporation and TD Bank USA, N.A., in this action, in association

with Dana A. Jacobs of Saalfield Shad, P.A. TD asks that any process, order, pleading,

motion, or other paper served or filed in this action be served upon both Mr. Melendez

and Ms. Jacobs.

March 15, 2019.

                                        BARNES & THORNBURG LLP

                                        /s/ Brian Melendez

                                        _____

                                        Brian Melendez
                                        Fla. Bar No. 0103559
                                        Suite 2800
                                        225 South Sixth Street
                                        Minneapolis, MN 55402-4662
                                        Ph. 612.367.8734
                                        Fax 612.333.6798
                                        brian.melendez@btlaw.com

in association with

SAALFIELD SHAD, P.A.
Dana A. Jacobs
Fla. Bar No. 59053
Suite 400
245 Riverside Avenue
Jacksonville, FL 32202
Ph. 904.394.3805
Fax 904.355.3503
djacobs@saalfieldlaw.com

Attorneys for Defendant
   TD Bank USA, N.A.

2

**Certificate of Service**

I certify that the foregoing document has been furnished to John P. Dubbeld,

Swift, Isringhaus & Dubbeld, P.A., Suite 313, 10460 Roosevelt Boulevard North, St.

Petersburg, FL 33716 (jdubbeld@swift-law.com), by e-mail through the Florida Courts e-

filing Portal on March 15, 2019.

March 15, 2019.

BARNES & THORNBURG LLP

/s/ Brian Melendez

_____

Brian Melendez
Fla. Bar No. 0103559
Suite 2800
225 South Sixth Street
Minneapolis, MN 55402-4662
Ph. 612.367.8734
Fax 612.333.6798
brian.melendez@btlaw.com

Attorneys for Defendant
    TD Bank USA, N.A.

3

Filing # 86684533 E-Filed 03/20/2019 12:19:26 PM

STATE OF FLORIDA
SEVENTH JUDICIAL CIRCUIT
CIRCUIT COURT
VOLUSIA COUNTY

------------------------------------------------------------------------------------------------

Heather Budd,                                                     Case No. 2019 10325 CIDL

                              Plaintiff,

            v.

Target Corporation and TD Bank USA,
N.A.,

                              Defendants.

---

### NOTICE OF APPEARANCE

---

Please take notice that Dana A. Jacobs of Saalfield Shad, P.A. represents Target

Corporation and TD Bank USA, N.A. in this action, in association with Brian Melendez

of Barnes & Thornburg LP and asks that any process, order, pleading, motion, or other

paper served or filed in this action be served upon both Ms. Jacobs and Mr. Melendez.

March 20, 2019.

                              SAALFIELD SHAD, P.A.

                              /s/ *Dana A. Jacobs*

                              _____
                              Dana A. Jacobs
                              Fla. Bar No. 59053
                              Suite 400
                              245 Riverside Avenue
                              Jacksonville, FL 32202-4926
                              Ph. 904.355.4401
                              Fax 904.355.3503
                              djacobs@saalfieldlaw.com

1

in association with

BARNES & THORNBURG LLP
Brian Melendez
Fla. Bar No. 0103559
Suite 2800
225 South Sixth Street
Minneapolis, MN 55402-4662
Ph. 612.367.8734
Fax 612.333.6798
brian.melendez@btlaw.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been furnished to John P. Dubbeld, Swift, Isringhaus & Dubbeld, P.A., Suite 313, 10460 Roosevelt Boulevard North, St. Petersburg, FL 33716 (jdubbeld@swift-law.com), by e-mail through the Florida Courts e-filing Portal on March 20, 2019.

March 20, 2019.

SAALFIELD SHAD, P.A.

/s/ *Dana A. Jacobs*

_____
Dana A. Jacobs
Fla. Bar No. 59053
Suite 400
245 Riverside Avenue
Jacksonville, FL 32202-4926
Ph. 904.355.4401
Fax 904.355.3503
djacobs@saalfieldlaw.com

Attorneys for Defendants

2

Filing # 86685317 E-Filed 03/20/2019 12:27:28 PM

STATE OF FLORIDA
SEVENTH JUDICIAL CIRCUIT
CIRCUIT COURT
VOLUSIA COUNTY

-----------------------------------------------------------------------------------------------------

Heather Budd,                                                    Case No. 2019 10325 CIDL

                                    Plaintiff,

        v.

Target Corporation and TD Bank USA,
N.A.,

                                    Defendants.

--------------------------------------------------------------------------------

### NOTICE OF FILING
### NOTICE OF REMOVAL

--------------------------------------------------------------------------------

To:     Laura E. Roth, Clerk of the Circuit Court, P.O. Box 6043, DeLand, FL 32721-
        6043.

        Plaintiff Heather Budd and her attorney John P. Dubbeld, Swift, Isringhaus &
        Dubbeld, P.A., Suite 313, 10460 Roosevelt Boulevard North, St. Petersburg, FL
        33716 (jdubbeld@swift-law.com).

        Pursuant to 28 U.S.C. § 1446(d), Defendants Target Corporation and TD Bank

USA, N.A., give notice that they have filed a notice of removal of this action to the

United States District Court for the Middle District of Florida. A copy of that notice

accompanies this notice as Exhibit A.

1

March 20, 2019.

SAALFIELD SHAD, P.A.

/s/ *Dana A. Jacobs*

_____

Dana A. Jacobs
Fla. Bar No. 59053
Suite 400
245 Riverside Avenue
Jacksonville, FL 32202-4926
Ph. 904.355.4401
Fax 904.355.3503
djacobs@saalfieldlaw.com

in association with

BARNES & THORNBURG LLP
Brian Melendez
Fla. Bar No. 0103559
Suite 2800
225 South Sixth Street
Minneapolis, MN 55402-4662
Ph. 612.367.8734
Fax 612.333.6798
brian.melendez@btlaw.com

Attorneys for Defendants

**Certificate of Service**

I certify that the foregoing document has been furnished to John P. Dubbeld, Swift, Isringhaus & Dubbeld, P.A., Suite 313, 10460 Roosevelt Boulevard North, St. Petersburg, FL 33716 (jdubbeld@swift-law.com), by e-mail through the Florida Courts e-filing Portal on March 20, 2019.

March 20, 2019.

SAALFIELD SHAD, P.A.

/s/ *Dana A. Jacobs*
_____
Dana A. Jacobs
Fla. Bar No. 59053
Suite 400
245 Riverside Avenue
Jacksonville, FL 32202-4926
Ph. 904.355.4401
Fax 904.355.3503
djacobs@saalfieldlaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

-------------------------------------------------------------------------------------------

Heather Budd,                                          Fed. Case No. _____

                            Plaintiff,                 Fla. Case No. 2019 10325 CIDL
                                                       (Fla. 7th Jud. Cir., Volusia Cnty.)

            v.

Target Corporation and TD Bank USA,
N.A.,

                            Defendants.

---

## NOTICE OF REMOVAL

---

To:   Elizabeth M. Warren, Clerk of Court, George C. Young Federal Annex
      Courthouse, 401 West Central Boulevard, Orlando, FL 32801.

      Plaintiff Heather Budd and her attorney John P. Dubbeld, Swift, Isringhaus &
      Dubbeld, P.A., Suite 313, 10460 Roosevelt Boulevard North, St. Petersburg, FL
      33716 (jdubbeld@swift-law.com).

      Defendants Target Corporation and TD Bank USA, N.A., hereby give notice of

their removal of this action on the following grounds:

      1.      Plaintiff Heather Budd commenced this civil action in the Circuit Court,

Seventh Judicial District, in and for Volusia County, Florida. A copy of the summons and

complaint, together with all the other process, pleadings, and orders served in the state-

court action, accompany this notice as Composite Exhibit A:

      (a)     Civil Cover Sheet (Feb. 20, 2019)

      (b)     Complaint (Feb. 20, 2019)

      (c)     Designation of E-mail Addresses (Feb. 20, 2019)

1



(d)     Plaintiff's First Request for Production of Documents Directed to Target Corporation (Feb. 20, 2019)

(e)     Plaintiff's First Request for Production of Documents Directed to TD Bank USA, N.A. (Feb. 20, 2019)

(f)     Plaintiff's First Request for Admissions Directed to TD Bank USA, N.A. (Feb. 20, 2019)

(g)     Plaintiff's First Request for Admissions Directed to Target Corporation (Feb. 20, 2019)

(h)     Summons to TD Bank USA, N.A. (unsigned, undated)

(i)     Summons to Target Corporation (unsigned, undated)

(j)     Summons to TD Bank USA, N.A. (Feb. 21, 2019)

(k)     Summons to Target Corporation (Feb. 21, 2019)

(l)     Return of Service Summons to Target Corporation (Mar. 15, 2019)

(m)     Notice of Appearance (Mar. 15, 2019)

(n)     Notice of Appearance (Mar. 20, 2019)

(o)     Notice of Filing Notice of Removal (Mar. 20, 2019)

2.      The complaint was the initial pleading setting forth the purported claims for relief upon which the state-court action is based.

3.      The case that the complaint purportedly stated was and is removable.

4.      The Defendants received the summons and complaint on or after February 21, 2019.

5.    The Defendants are filing this notice within 30 days after receiving the summons and complaint.

6.    This Court would have had original jurisdiction over the state-court action under 28 U.S.C. §§ 1331 and 28 U.S.C. § 1337(a). The complaint alleges a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A). *See Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012).

7.    The state-court action is removable under 28 U.S.C. § 1441(a) & § 1446.

8.    The state-court action is not a nonremovable action under 28 U.S.C. § 1445.

9.    Promptly after filing this notice, the Defendants will give written notice to the adverse Party, and will file a copy with the Clerk of the state court.

Wherefore the Defendants respectfully pray that the state court proceed no further, and that any further proceedings in this action occur in the United States District Court for the Middle District of Florida.

March 20, 2019.

SAALFIELD SHAD, P.A.

/s/ *Dana A. Jacobs*

Dana A. Jacobs
Fla. Bar No. 59053
Suite 400
245 Riverside Avenue
Jacksonville, FL 32202-4926
Ph. 904.355.4401
Fax 904.355.3503
djacobs@saalfieldlaw.com

3

in association with

Barnes & Thornburg LLP
Brian Melendez
Fla. Bar No. 0103559
Suite 2800
225 South Sixth Street
Minneapolis, MN 55402-4662
Ph. 612.367.8734
Fax 612.333.6798
brian.melendez@btlaw.com

Attorneys for Defendants